UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHYA TAPIA, on behalf of herself and on behalf of a Class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STERLING JEWELERS INC., an unknown business entity; SIGNET JEWELERS LTD, an unknown business entity,<br><br>Defendants. | Case No. 5:14-cv-00624-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 25 |

Presently before the court in this purported employment class action is a motion for leave to file a first amended class action complaint filed by the named representative plaintiff Kathya Tapia ("Plaintiff"). See Dkt. Nos. 25, 26 ("Mot."). Defendants Sterling Jeweler Inc. and Signet Jewelers Limited (collectively, "Defendants") have filed written opposition to the motion. See Dkt. No. 30 ("Opp."). Plaintiff subsequently filed a reply. See Dkt. No. 33 ("Reply").

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7−1(b). Accordingly, the hearing scheduled for May 28, 2015 is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. Plaintiff's motion for leave to amend the complaint arises under Federal Rule of Civil Procedure 15(a). Leave to amend under Rule 15 is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of

1

Case No.: 5:14-cv-00624-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.  Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  Here, Plaintiff seeks to file an amended complaint that includes successor liability allegations against Defendants' predecessor, Ultra Stores, Inc. ("Ultra Stores").  Moreover, Plaintiff seeks to amend the complaint to comport with the Federal Rules of Civil Procedure since the operative complaint was originally filed in state court.

2. However, as a threshold matter, a motion for leave to amend the complaint must be timely.  "When a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that 'a schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)."  In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).  The "good cause" standard pursuant to Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment," and the focus of the inquiry "is upon the moving party's reasons for seeking modification . . . if that party was not diligent, the inquiry should end."  Id.

3. Here, this court's scheduling order issued on August 6, 2014 provides: "[T]he deadline for joinder of any additional parties, or other amendments to the pleadings, is sixty days after entry of this order." Dkt. No. 16.  Thus, the deadline to amend the pleadings was October 6, 2014.  While the court has subsequently issued orders modifying case management deadlines, no subsequent order modified the deadline for amending the pleadings.  See Dkt. Nos. 23, 29, 35.

4. In order to proceed with the instant motion, Plaintiff must first show good cause for modifying the court's deadline to amend the pleadings.  Plaintiff's contention that Defendants' alleged settlement offers to the purported class members supplies good cause is flawed since

2

Case No.: 5:14-cv-00624-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

1 Plaintiff admits that at the time she filed the instant motion to amend, she did not have a clear

2 understanding of the alleged settlement offers. See Reply at 3, 7. Therefore, this cannot constitute

3 good cause for modifying the deadline to amend the complaint.

4     5.    Plaintiff further argues that it was not required to name Ultra Stores as a defendant

5 in order to allege predecessor liability. Id. at 8. This argument fails as to the Rule 16(b)(4)

6 analysis because this does not constitute good cause for modifying the deadline.

7     6.    Moreover, Plaintiff argues that in the parties' joint Rule 26(f) case management

8 reports filed in May and August 2014, Plaintiff stated that depending on initial discovery

9 surrounding Ultra Stores, Plaintiff might move to amend the complaint. Id. at 8; see Dkt. Nos. 8,

10 14. This argument also fails because the case management report presents the parties' positions on

11 certain issues and scheduling matters, but ultimately, the deadlines that control are those issued by

12 the court. Plaintiff cannot attempt to "reserve her right" to amend her complaint past the deadline

13 imposed by the court.

14     7.    Lastly, Plaintiff argues that the spirit and intent of the Rule 16(b)(4) "good cause"

15 requirement is to set the initial pleadings and allow the parties to conduct discovery. Reply at 9.

16 Plaintiff could have moved the court to modify the deadline to amend the pleadings, but failed to

17 do so. As such, the time to finalize the complaint has passed, and the purpose of Rule 16 is being

18 advanced by now proceeding to the discovery stage of litigation. See Johnson v. Mammoth

19 Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece

20 of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard

21 of the order would undermine the court's ability to control its docket, disrupt the agreed-upon

22 course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent

23 this situation and its standards may not be short-circuited by an appeal to those of Rule 15.")

24 (internal quotations omitted).

25     8.    In sum, Plaintiff has failed to show good cause for modifying the deadline of

26 October 6, 2014 to amend the pleadings. There is no indication of good cause that would warrant

Case No.: 5:14-cv-00624-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

such modification, nor of Plaintiff's diligence since by at least May 2014, Plaintiff knew of the existence of Ultra Stores. <u>See</u> Dkt. No. 8 at 5.  Since the deadline to amend the complaint has passed, Plaintiff's motion for leave to file a first amended class action complaint is untimely. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 22, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-00624-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT