1  RICHARD E. QUINTILONE II (SBN 200995)
   ALVIN B. LINDSAY (SBN 220236)
2  **QUINTILONE & ASSOCIATES**
   22974 EL TORO ROAD, SUITE 100
3  LAKE FOREST, CA 92630
   PHONE: 949-458-9675
4  FAX: 949-458-9679

5  Attorneys for Plaintiff

6  SPENCER C. SKEEN (SBN 182216)
   TIM L. JOHNSON (SBN 265794)
7  **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.**
   4370 LA JOLLA VILLAGE DRIVE, SUITE 990
8  SAN DIEGO, CA 92122
   PHONE: 858-652-3100
9  FAX: 858-652-3101

10 Attorneys for Defendants

11

12            **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14

15 KATHYA TAPIA, on behalf of herself          **Case No.: 5:14-cv-00624** EJD
   and on behalf of a Class of all other
16 persons similarly situated                  **CLASS ACTION**

17                                             **Assigned For All Purposes To:**
        Plaintiff,                             **Honorable Edward J. Davila**
18                                             **Courtroom 4, 5th Floor**
   vs.
19                                             **PARTIES' JOINT STIPULATION**
   STERLING JEWELERS INC., an                  **AND REQUEST TO SUPPLEMENT**
20 unknown business entity; SIGNET             **PLAINTIFF'S MOTION FOR**
   JEWELERS LTD, an unknown business           **PRELIMINARY APPROVAL OF**
21 entity, and DOES 1 through 100,             **CLASS ACTION SETTLEMENT**
   inclusive,
22                                             Date:   October 15, 2015
        Defendants.                            Time:   9:00 a.m.
23                                             Dept.:  Courtroom 4, Fifth Floor
24
                                               Complaint Filed: December 9, 2013
25                                             Removal Date: February 10, 2014
26

27

28

IT IS SO ORDERED
Judge Edward J. Davila
DATED: 10/9/2015

1    Plaintiff and Defendants, by and through undersigned counsel, hereby submit

2    this Joint Stipulation and Request. The Parties ask the Court to review and approve

3    Exhibits 1 and 2, attached hereto, in connection with Plaintiff's Motion for

4    Preliminary Approval of Class Action Settlement.

5        **Exhibit 1**: Joint Stipulation of Settlement

6        **Exhibit 2**: Notice of Settlement of Class Action Lawsuit

7        On September 11, 2015, Plaintiff filed a Motion for Preliminary Approval of

8    Class Action Settlement ("Motion"). (*See* Doc. No. 39.) In connection with the Motion,

9    Plaintiff submitted a Memorandum of Understanding ("MOU") and a proposed Notice

10   of Settlement of Class Action Lawsuit. (*See* Doc. No. 39-2, Exhibits A and B.)

11       Since Plaintiff filed the Motion, the Parties entered into a Joint Stipulation of

12   Settlement (attached hereto as Exhibit 1), as required by the MOU. The Parties also

13   revised the proposed Notice of Settlement of Class Action Lawsuit (attached hereto as

14   Exhibit 2) to more fully conform to the settlement terms set forth in the MOU and Joint

15   Stipulation of Settlement.

16       NOW THEREFORE, the Parties hereby stipulate and respectfully request that

17   the Court review and approve Exhibits 1 and 2, attached hereto, in connection with

18   Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

19   Dated: October 7, 2015          **QUINTILONE & ASSOCIATES**

20                                    By: */s/ Richard E. Quintilone II*

21                                        RICHARD E. QUINTILONE II
                                          Attorneys for Plaintiff

22

23   Dated: October 7, 2015          **OGLETREE, DEAKINS, NASH, SMOAK
                                      & STEWART**

24

25                                    By: */s/ Tim L. Johnson*
                                          TIM L. JOHNSON

26                                        Attorneys for Defendants

27

28

PARTIES' JOINT STIPULATION AND REQUEST RE: PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# EXHIBIT 1

1   Spencer C. Skeen, CA Bar No. 182216
    Tim L. Johnson, CA Bar No. 265794
2   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    4370 La Jolla Village Drive, Suite 990
3   San Diego, CA 92122
    Telephone:   858.652.3100
4   Facsimile:   858.652.3101

5   Attorneys for Defendants Sterling Jewelers Inc. (erroneously sued as "Sterling
    Jewelers, Inc.) and Signet Jewelers Limited
6
    Richard E. Quintilone II (SBN 200995)
7   Alvin B. Lindsay (SBN 220236)
    QUINTILONE & ASSOCIATES
8   22974 El Toro Road, Suite 100
9   Lake Forest, CA 92630-4961
    Telephone: (949) 458-9675
10  Facsimile: (949) 458-9679

11  Attorneys for Plaintiff Kathya

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15  KATHYA TAPIA, on behalf of herself and on      Case No. 5:14-Cv-00624
    behalf of a Class of all other persons similarly
16  situated                                        **CLASS ACTION**

17              Plaintiff,                           *[Assigned for all purposes to The Honorable
                                                     Edward J. Davila Courtroom 4, 5th Floor]*
18        vs.
                                                     **JOINT STIPULATION OF SETTLEMENT**
19  STERLING JEWELERS, INC., an unknown
    business entity; SIGNET JEWELERS LTD, an
20  unknown business entity, and DOES 1 through      Action Filed:     December 9, 2013
    100, inclusive,                                  Trial Date:       Not Set
21
                Defendant.
22

23

24

25

26

27

28

                                                                EHIBIT 1 - PAGE 1

                        JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation for Class Action Settlement and Release ("Joint Stipulation") is made and entered into by and between Plaintiff Kathya Tapia ("Plaintiff"), on behalf of herself and on behalf of others similarly situated, and Defendants Sterling Jewelers Inc. (erroneously sued as "Sterling Jewelers, Inc.) and Signet Jewelers Limited (collectively "Defendants").

This Joint Stipulation shall be binding on Plaintiff and the class she purports to represent, and Defendants and their subsidiaries, successors and assigns, and any individual or entity which could be jointly liable with Defendants, and their respective counsel, subject to the terms and conditions hereof and the approval of the Court.

**THE PARTIES STIPULATE AND AGREE** as follows:

1.    Plaintiff and Defendants are collectively referred to herein as "the Parties."

2.    On or about December 9, 2013, Plaintiff filed a Class, Collective, and Representative Complaint in the Superior Court of the State of California for the County of Monterey ("Lawsuit"). The Lawsuit was assigned Case Number M125887. The Lawsuit alleged causes of action for (1) Failure to Pay Overtime Compensation in Violation of Labor Code §§ 1194 and 1198; (2) Failure to Provide Meal Periods in Violation of Labor Code §§ 226.7 and 512; (3) Failure to Provide Rest Periods in Violation of Labor Code §§ 226.7 and 512; (4) Failure to Furnish Itemized Wage Statements in Violation of Labor Code §§ 226); (5) Failure to Pay Wages Due and Payable Twice Monthly in Violation of Labor Code §204; (6) Failure to Pay Wages for Hours Worked in Violation of Labor Code §1194; (7) Failure to Comply With Written Request to Inspect or Copy Records in Violation of Labor Code §§226, 432 and 1198.5; (8) Failure to Pay Wages Upon Ending Employment in Violation of Labor Code §§ 201-203; (9) Unlawful Competition and Unlawful Business Practices in Violation of Business & Professions Code §§ 17200 et seq.; (10) and Violation of Labor Code §§ 2698 and 2699 (California's Private Attorneys General Act). The Lawsuit sought recovery of compensatory damages, pre-judgment interest, waiting period wages and penalties, statutory penalties, disgorgement of profits, treble damages, attorney fees and costs, and equitable, injunctive and declaratory relief. On February 14, 2014, Defendants removed this action the United States District Court for the Northern District of

1 | California pursuant 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act ("CAFA")) and 1446. The

2 | Lawsuit was assigned Case Number 5:14-Cv-00624.

3 |     3.    Plaintiff was employed starting in 2000 with Ultra Stores, Inc. and then with

4 | Sterling Jewelers Inc. following its acquisition of Ultra Stores, Inc.in October of 2012. Plaintiff

5 | contends successor liability applies to Defendants for the violations of Ultra Stores, Inc., along

6 | with the alleged violations as to Sterling following its acquisition of Ultra Stores, Inc.

7 |     4.    Defendants have denied any applicability of successor liability and disputed that

8 | Sterling Jewelers Inc. employed Plaintiff or similarly situated employees.

9 |     5.    On March 27, 2015, Defendants sent letters offering settlements to former Ultra

10 | Stores, Inc. employees ("Individual Settlement Program") in exchange for a general release

11 | encompassing the claims of this Lawsuit. Many former Ultra Stores, Inc. employees responded to

12 | this Individual Settlement Program and executed the general release.

13 |     6.    Thereafter, on May 27, 2015, Plaintiff and Defendants agreed to participate in

14 | mediation with Scott Markus, Esq., which resulted in the Parties reaching an agreement to settle the

15 | remaining outstanding claims for the former Ultra Stores, Inc. employees who did not participate in

16 | the Individual Settlement Program ("Settlement").

17 |     7.    The Parties have conducted investigation of facts and law during the prosecution of

18 | the litigation. The investigation included the exchange of information pursuant to formal and/or

19 | informal discovery, numerous meetings, conferences between representatives of the Parties, and

20 | mediation. Counsel for the Parties also have investigated the applicable law as applied to the facts

21 | discovered regarding the alleged claims of Plaintiff and potential defenses thereto, and the damages

22 | claimed by Plaintiff on behalf of herself and the class she seeks to represent. Among other things,

23 | the discovery included information regarding the number of class members, timekeeping, and

24 | payroll data for the putative class members, Defendants' policies and procedures with regard to

25 | timekeeping, calculations of hours worked,  meal periods for non-exempt employees, vested

26 | vacation benefits, and wage statements. The Parties each conducted their own evaluations as to the

27 | potential recoveries for putative class members due to the practices alleged in the Lawsuit and

28 |

1  independently evaluated this information in light of the claims alleged. During the May 27, 2015

2  mediation with Scott Markus, Esq., further information was exchanged.

3      8.     The Parties agree Scott Markus, Esq. may, at his discretion, execute a declaration

4  supporting the Settlement and the Court may, in its discretion, contact Scott Markus, Esq. to

5  discuss the Settlement and whether or not the Settlement is fair and reasonable.

6      9.     Nothing contained in this Joint Stipulation, nor the fact of this Joint Stipulation

7  itself, shall be construed or deemed as an admission of liability, culpability, negligence, or

8  wrongdoing on the part of Defendants. Nothing herein shall constitute an admission by Defendants

9  that the Lawsuit was properly brought as a class or representative action other than for settlement

10 purposes. The Settlement of the Lawsuit, the negotiation and execution of this Joint Stipulation,

11 and all acts performed or documents executed pursuant to or in furtherance of this Joint Stipulation

12 or the Settlement: (i) are not, shall not be deemed to be, and may not be used as, an admission or

13 evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the

14 factual allegations in the operative Complaint in the Lawsuit; (ii) are not, shall not be deemed to

15 be, and may not be used as, an admission or evidence of any fault or omissions on the part of

16 Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency

17 or other tribunal; and (iii) are not, shall not be deemed to be, and may not be used as, an admission

18 or evidence of the appropriateness of these or similar claims for class certification or administration

19 other than for purposes of administering this Joint Stipulation.

20     10.    For purposes of this Joint Stipulation, the "Class Member(s)" shall be defined as

21 follows:

22
23
24
25
26

**All former non-exempt, hourly employees of Ultra Stores, Inc., its successors and affiliates ("Ultra") who were hired by Ultra on or before June 14, 2013 and who were employed in an Ultra retail store in the State of California at any time on or after December 9, 2009, excluding any such employee who executed and did not revoke a full release of claims relating to or arising out of the Lawsuit for a settlement payment of $1,000.00, minus withholdings, pursuant to an individual settlement program offered by Sterling Jewelers Inc., the parent corporation of Ultra (i.e., the "Individual Settlement Program").**

27

28

11.     As of June 22, 2015, Defendants represent there are approximately 165 Class Members, as defined above.

12.     The Settlement described herein will resolve fully and finally all claims due or claimed to be due under state law by all Class Members that are asserted in the Lawsuit, and all claims listed herein.

13.     Participating Class Members shall include persons who do not timely opt out, who have not previously settled or released claims covered by this Settlement, and/or who were not previously paid or received awards through civil or administrative actions for claims covered by this Settlement.

14.     Solely for purposes of settling this case only, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Class Members have been met and are met. More specifically, the Parties stipulate and agree that:

a.     The Class Members are ascertainable and so numerous as to make it impracticable to join all Class Members;

b.     There are common questions of law and fact;

c.     Plaintiff believes her claims are typical of the claims of the Class Members;

d.     Plaintiff and Class Counsel, Richard E. Quintilone II and Alvin B. Lindsay of QUINTILONE & ASSOCIATES, will fairly and adequately protect the interests of Class Members;

e.     The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and

f.     With respect to the Class Members, Plaintiff believes questions of law and fact common to the Class Members predominate over any questions affecting any individual class member, and that a class action is superior to other available means for the fair and efficient adjudication of the controversy.

15.     Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Lawsuit and further deny that, for any purpose other than settling the

1   pending action, these claims are appropriate for class or representative treatment. Plaintiff, on the

2   other hand, believes she has filed a meritorious action and that class certification is appropriate.

3   Plaintiff contends Defendants violated California's wage and hour laws with respect to their

4   timekeeping, payroll, and meal and rest period practices, among other things. Plaintiff also believes

5   this case is appropriate for class certification, as the requisites for class certification can be

6   satisfied.

7       16.   Defendants deny that they have engaged in any unlawful activity, have failed to

8   comply with the law in any respect, or have any liability to anyone under the claims asserted in the

9   Lawsuit. The Parties expressly acknowledge that this Stipulation is entered into for the purpose of

10   compromise of highly disputed claims and that nothing herein is an admission of liability or

11   wrongdoing by Defendants. Whether or not the Settlement becomes final, neither the Settlement,

12   nor any document, statement, proceeding or conduct related to the Settlement or this Stipulation,

13   nor any reports or accounting thereof, shall be construed as, offered or admitted in evidence as,

14   received as, or deemed to be evidence for any purpose adverse to the Released Parties, including,

15   but not limited to, evidence of a presumption, concession, indication or admission by any of the

16   Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or, disclosed,

17   referred to or offered in evidence against any of the Released Parties, in any further proceeding in

18   the Lawsuit, or any other civil, criminal, or administrative action or proceeding except for purposes

19   of effectuating the Settlement pursuant to this Stipulation. This section and all other provisions of

20   this Stipulation notwithstanding, any and all provisions of this Stipulation may be admitted in

21   evidence and otherwise used in any and all proceedings to enforce any or all terms of this

22   Stipulation or in defense of any claims released or barred by this Stipulation.

23       17.   The Parties hereby agree that the formula for allocating the settlement payments to

24   the Class Members described below is reasonable and that the payments provided are designed to

25   provide a fair settlement to the Class Members. Based on their own independent investigations and

26   evaluations, Defendants and Plaintiff and their respective counsel are of the opinion that the

27   settlement for the consideration and on the terms set forth in this Stipulation are fair, reasonable,

28   and adequate, and is in the best interests of the Class Members and Defendants in light of all

1    known facts and circumstances and the risks inherent in litigation, including the potential appellate

2    issues. Class Counsel believe that the settlement amount entered into is in the best interests of the

3    Participating Class Members and that the Settlement is fair, reasonable, and adequate, given the

4    inherent risk of litigation.

5         18.    Plaintiff, the Class Members, Class Counsel, Defendants and Defendants' attorneys,

6    agree to the conditional certification of the Class Members for the sole purpose of effectuating this

7    Settlement. Should the Settlement not become final, for whatever reason, the fact that the Parties

8    were willing to stipulate to class certification as part of the Settlement shall have no bearing on,

9    and shall not be admissible in connection with, the issue of whether a class should be certified in a

10   non-settlement context in the consolidated cases or any other legal proceeding in any jurisdiction.

11   Defendants expressly reserve the right to oppose class certification in the Lawsuit should the

12   Settlement not become final.

13        19.    The purpose of this Stipulation is to settle and compromise all claims by Plaintiff

14   and the Class Members for (A) all claims due or claimed to be due under state law by all class

15   members asserted in the Lawsuit for 1) failure to provide regular or overtime compensation, 2)

16   failure to provide adequate meal and rest breaks, 3) failure to provide accurate wage statements,

17   and 4) failure to provide final wages to the employees that are no longer employed by the

18   Defendant within the statutory allotted time, 5) failure to comply with written request to inspect

19   and copy records, 6) unlawful competition and unfair business practices, and 7) violations of

20   California's Private Attorneys General Act, and (B) all claims listed herein.

21        20.    The Settlement embodied in this Stipulation contemplates the (a) entry of an order

22   approving certification of the Class Members; (b) entry of a final order approving settlement of the

23   consolidated cases; (c) entry of judgment; (d) discharge of Defendants from liability for any and all

24   claims relating to the Lawsuit; (e) release by the Plaintiff and all other class members of all claims

25   arising out of Defendants' alleged failure to (i) pay the Plaintiff and Class Members for all time

26   worked, (ii) pay the Plaintiff and Class Members overtime compensation, (iii) provide meal and

27   rest breaks, (iv) provide the Plaintiff and Class Members accurate itemized wage statements, (v)

28   pay all wages due the Plaintiff and Class Members at termination of employment, (vi) allow

7

EHIBIT 1 - PAGE 7

1    inspection and copying of records upon written request, and/or (vii), all penalties arising from these

2    alleged violations, prejudgment and post judgment interest, restitution (including any claim for

3    injunctive relief); and (f) with respect to the Released Claims, listed herein, the named Plaintiff and

4    the Class Members will be deemed to have generally released all known and unknown claims

5    against Defendants and Ultra Stores pursuant to California Civil Code section 1542.

6         21.    It is the intention of the Parties that this Stipulation shall constitute a full and

7    complete settlement and release of all claims arising from or related to the allegations made or that

8    could have been asserted in the Lawsuit against Defendants and Released Parties, as well as each

9    claim identified herein.

10        22.    The Parties agree to cooperate and take all steps necessary and appropriate to final

11   approval and entry of final judgment in the Lawsuit based upon this Settlement.

12        23.    The maximum total payment under the Settlement, including all payments for

13   claims by Class Members, attorneys' fees and costs, the service payments to Plaintiff for her

14   services as class representative, claims administration costs, payment to the Labor Workforce and

15   Development Agency, and any other payments provided by this Settlement is a Common Fund of

16   Two Hundred and Ninety Five Thousand Dollars ($295,000.00) ("Gross Settlement Amount," or

17   "GSA"). This is a claims-made settlement with no reversion to Defendants. It is understood and

18   agreed that Defendants' maximum total liability under this Settlement shall not exceed the sum of

19   Two Hundred and Ninety Five Thousand Dollars ($295,000.00). Defendants shall pay the Gross

20   Settlement Amount to the Claims Administrator no later than ten (10) calendar days after final

21   court approval of the Settlement and the expiration of the time to file appeals or the resolution of

22   any appeals filed. In the event that no written objections were filed prior to the Final Approval

23   Hearing, or that any filed written objections were withdrawn prior to the Final Approval Hearing,

24   the Court's approval order shall be come final upon entry and the payments shall issue in ten (10)

25   days. If the Parties fail to obtain final approval of the Settlement, then all funds shall be returned to

26   Defendant.

27        24.    Defendants may request additional time to make the payment, and Class Counsel

28   will not unreasonably withhold their agreement.

**TERMS OF SETTLEMENT**

NOW THEREFORE, in consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows.

25.    It is agreed by and among Plaintiff and Defendants that any claims, damages, or causes of action arising out of the disputes which are the subject of the Lawsuit, and any claims listed herein, be settled and compromised as between the Class Members, Defendants, subject to the terms and conditions set forth in this Stipulation and the approval of the Court.

26.    The Settlement embodied in this Stipulation shall become effective when all of the following events have occurred: (i) this Stipulation has been executed by all Parties and by counsel for the Class Members and Defendants; (ii) the Court has given preliminary approval to the Settlement; (iii) notice has been given to the putative Class Members, providing them with an opportunity to object to the terms of the Settlement or to opt out of the Settlement; (iv) the Court has held a formal fairness hearing and entered a final order and judgment certifying the Class Members and finally approving this Stipulation; and (v) in the event there are written objections filed prior to the formal fairness hearing which are not later withdrawn, the later of the following events: (a) when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (b) any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or (c) any appeal, writ or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief. In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

27.    As consideration for the settlement described herein and the releases contained in this Stipulation, Defendants agree to pay the Gross Settlement Amount to settle the claims that were or could have been asserted in the Lawsuit. The Gross Settlement Amount shall be inclusive of all settlement payments to the Participating Class Members, the Service Award to the named Plaintiff, attorneys' fees and costs to Class Counsel, all administrative fees and payroll taxes. The

1   Net Settlement Amount shall be the Gross Settlement Amount, minus the following: (1) any

2   Individual Settlement Program gross payment made by Sterling Jewelers Inc. to Ultra employees

3   who otherwise would be Class Members, between June 9, 2015 and the date of Final Approval by

4   the Court; (2) the award of attorneys' fees and costs to class counsel; (3) class representative

5   payment to Plaintiff; (4) payment to the Claims Administrator; (5) any and all administrative fees

6   for the settlement; and (6) payment to the Labor Workforce Development Agency. Defendants

7   shall not be required to make any payment in excess of the Gross Settlement Amount, for any

8   cause or reason.

9        28.    <u>Settlement Payments to the Class Members</u>:

10        a.    <u>Calculation of Settlement Payments</u>: The Net Settlement Amount will be paid in

11   its entirety to the Class Members who do not request exclusion.  All persons who meet the class

12   definition and who did not accept an individual settlement payment of $1,000.00, minus

13   withholdings, directly from Sterling in exchange for executing and not revoking a full release of

14   claims incident to the Individual Settlement Program, and who do not opt out of the settlement,

15   will receive a pro rata allocation of the Net Settlement Amount. The Settlement Administrator

16   will calculate the amount of settlement payment each Class Member will be entitled to receive

17   based on the number of individual work weeks each Class Member worked during the relevant

18   Class Period (the "Individual Work Weeks").  The Settlement Administrator will then divide

19   each Class Member's number of Individual Work Weeks by the total number of work weeks for

20   all Class Members to arrive at the individual percentage of the Net Settlement Amount for each

21   Class Member. The Net Settlement Amount will be multiplied by the applicable individual

22   percentage for each Class Member which will be the gross amount to be received by the Class

23   Members from which all appropriate deductions will be taken

24        b.    <u>Tax Treatment of the Settlement Payments</u>:  With regard to the settlement payments

25   to Participating Class Members, the settlement payments shall be allocated 1/3 to the payment of

26   wages, 1/3 to interest and 1/3 to penalties. Form 1099's shall be issued for settlement payments

27   allocated to interest and penalties, and W-2's shall be issued for settlement payments allocated to

28   wages. Nothing in this Stipulation is intended to constitute legal advice. To the extent that this

1   Stipulation or any of its attachments is interpreted to contain or constitute advice regarding any

2   U.S. or Federal tax issue, such advice is not intended or written to be used, and cannot be used, by

3   any person for the purpose of avoiding penalties under the Internal Revenue Code. With regard to

4   the settlement payments to Participating Class Members that are allocated as wages, appropriate

5   deductions will be made for all state and federal withholding taxes.

6      c.      Payment of Class Counsel fees and costs will result in the issuance of a Form 1099-

7   MISC to Class Counsel, who shall assume full responsibility and liability for the payment of taxes

8   due on such payments.

9      d.      Payment of the Plaintiff's service award will result in the issuance of a Form 1099-

10   MISC to Plaintiff, who shall assume full responsibility and liability for the payment of taxes due on

11   such payments.

12      e.      All settlement payments to the Class Members shall be deemed to be income to such

13   Class Members solely in the year in which such payments actually are received by the Class

14   Members. It is expressly understood and agreed that the receipt of such settlement payments will

15   not entitle any class member to additional compensation or benefits under any company bonus,

16   contest or other compensation or benefit plan or agreement in place during the period covered by

17   the Settlement, nor will it entitle any class member to any increased retirement, 401(k) benefits or

18   matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the

19   settlement payments provided for in this Joint Stipulation are the sole payments to be made by

20   Defendants to the Class Members, and that the Class Members are not entitled to any new or

21   additional compensation or the payment of any additional penalties or benefits as a result of

22   having received the settlement payments (notwithstanding any contrary language or agreement in

23   any benefit or compensation plan document that might have been in effect during the period

24   covered by this Settlement).

25      29.   Class Counsel Fees and Costs:  The Parties further agree that, subject to Court

26   approval, attorneys' fees shall equal 33.3% of the GSA, which amounts to Ninety Three Thousand

27   Three Hundred Twenty Three Dollars and Fifty Cents ($93,323.50) in attorneys' fees, plus

28   litigation costs not to exceed Six Thousand Dollars ($6,000.00). Attorneys' costs shall include all

1   litigation expenses incurred by the Plaintiff in the prosecution of the Lawsuit. These attorneys' fees

2   and costs will be hereinafter referred to as "Class Counsel Fees." The Class Counsel Fees shall

3   fully compensate and reimburse Class Counsel for any and all of the work already performed in the

4   Lawsuit and all work remaining to be performed in fully and finally resolving the Lawsuit,

5   including but not limited to preparing and filing both preliminary and final motions and/or

6   stipulations for securing Court approval of the settlement, drafting of the notice of claims to all

7   Class Members, making sure that the settlement is fairly and properly administered and defending

8   the settlement in any appeal or other post approval matter. For purposes of this settlement,

9   Defendants will not oppose an application for an award of Class Counsel Fees consistent with this

10   Stipulation. However, Defendants will not be required to pay Class Counsel more than 33.3% of

11   the GSA in attorneys' fees and costs under any circumstances pursuant to the terms of this

12   Stipulation. Defendants will deliver to the Settlement Administrator the amount awarded by the

13   Court for Class Counsel Fees within ten (10) calendar days after the Court's final approval of the

14   settlement if no objections by Class Members have been filed, or within 60 days of the final

15   approval order if an objection is made but no appeal is filed, or within 60 days of the date the

16   judgment is final and no longer subject to appeal if an appeal is filed. Defendants may request

17   additional time to make the payments to the Settlement Administrator, and Class Counsel will not

18   unreasonably withhold their agreement.

19        30.   Class Representative:  Subject to Court approval, Defendants further agree to pay

20   Plaintiff a service award of $5,000 in addition to her settlement share. Defendants will not object to

21   Class Counsel's application for court approval of the incentive payment to Plaintiff for her services

22   as the Class Representative. It is understood that the incentive payments are in addition to

23   Plaintiff's settlement fund share to which she is entitled, along with other Class Members. The

24   Claims Administrator will issue 1099 Forms for the incentive payments to Plaintiff for her services

25   as Class Representative, and Plaintiff will be responsible for correctly characterizing this

26   compensation for tax purposes and for paying any taxes on the amounts received. Plaintiff agrees

27   to indemnify Defendants for any liability Defendants incur to any tax authority on account of the

28   Plaintiff's failure to pay all taxes due on the incentive payment. Should the Court approve an

1   incentive payment to Plaintiff in an amount less than those set forth above, the difference between

2   the lesser amount approved by the Court and the maximum service payment set forth above shall

3   be added to the NSA with a pro rata allocation to employees who have not opted out of the

4   settlement. The incentive payment to Plaintiff will be delivered to the Settlement Administrator on

5   the same date Class Counsel are paid their attorneys' fees. Defendants may request additional time

6   to make the payments to the Settlement Administrator, and Class Counsel will not unreasonably

7   withhold their agreement.

8      31.   California's Private Attorneys General Act Civil Penalties: Subject to Court

9   Approval, Defendant agrees to pay $1,000.00 in civil penalties under California's Private

10  Attorneys General Act to the California Labor & Workforce Development Agency. The payment to

11  the Labor Workforce Development Agency will be made on the same date the Class Counsel Fees

12  are paid.

13     32.   The Settlement Administrator shall cause the settlement payments to be mailed to

14  the Participating Class Members within ten (10) calendar days after the Court's final approval of

15  the settlement if no objections by Class Members have been filed, or within 60 days of the final

16  approval order if an objection is made but no appeal is filed, or within 60 days of the date the

17  judgment is final and no longer subject to appeal if an appeal is filed. Defendants may request

18  additional time to make the payments to the Settlement Administrator, and Class Counsel will not

19  unreasonably withhold their agreement.

20     33.   The Settlement Administrator shall provide written notice to Defendants no later

21  than five business days after the Claims Filing Deadline with a complete list of all putative

22  members of the Class who have timely requested exclusion from the class and the number of total

23  workweeks associated with each. Defendants, in their sole and independent discretion, shall have

24  the right, but not the obligation, to revoke this Stipulation if 10% or more of the Class Members,

25  measured on a headcount basis, submit exclusion forms of any kind. Defendants' option expires ten

26  (10) days after the Claims Administrator has certified the final number of putative class members

27  who have submitted Objections or Exclusion Forms. In the event that the Memorandum of

28  Understanding and Stipulation are voided pursuant to this provision, then the following shall apply:

13                                         EHIBIT 1 - PAGE 13

JOINT STIPULATION OF SETTLEMENT

1    (a) Nothing in the Memorandum of Understanding or this Stipulation shall be construed as a

2    determination, admission, or concession of any substantive or procedural issue in the Lawsuit, and

3    nothing in this Stipulation may be offered into evidence in any hearing or trial, or in any

4    subsequent pleading or in any subsequent judicial, arbitral, or administrative proceeding; and (b)

5    the Parties expressly reserve their rights with respect to the prosecution and defense of the Lawsuit

6    as if the Memorandum of Understanding and this Stipulation never existed; and (c) Defendant shall

7    bear any costs for notice or claims administration incurred by the Settlement Administrator through

8    that date.

9    **CLAIMS ADMINISTRATION**

10       34.    The Parties have agreed to the appointment of CPT Group to perform the customary

11   duties of Claims Administrator. Claims Administration Expenses shall not exceed Seven Thousand

12   Five Hundred Dollars ($7,500.00), to be paid from the GSA. With respect to the claims

13   administration, the Claims Administrator shall:

14       a.    Prepare, print, and mail the Notice Packet to the Class Members as provided in this

15   Stipulation.

16       b.    Skip trace and re-mail all returned, undelivered mail within ten days of receiving

17   notice that the mailing was undeliverable.

18       c.    Establish an interest bearing bank account for the deposit of the GSA payments and

19   deposit those funds into such account upon receipt from Defendants.

20       d.    Identify the Class Members, determine the correct settlement payments and

21   withholdings, and timely forward all requisite information to the Parties.

22       e.    Coordinate with Defendants to research and/or investigate any disputes, challenges

23   or objections submitted by Participating Class Members regarding the provided information for the

24   Class Members during the Class Period.

25       f.    Identify and report Class Member opt-outs to the Parties.

26       g.    Prepare and circulate to counsel for the Parties a Declaration of Responses.

27       h.    Prepare and circulate to counsel for the Parties a Declaration of Compliance.

28

1        i.     Identify any checks that are not timely cashed in accordance with the terms of this

2 Stipulation and provide such information to the Parties.

3        j.     Confirm to the Parties the payments to be remitted by the Claims Administrator and

4 mail settlement checks to Participating Class Members, the Class Counsel Fees awarded to Class

5 Counsel and the service award to Plaintiff.

6        k.     If applicable, recalculate and confirm any reallocation of amounts to include in the

7 NSA and mail such checks to Participating Class Members in accordance with the terms of this

8 Stipulation.

9        l.     Provide written confirmation to the Parties when the Notice has been served

10 pursuant to this Stipulation.

11        m.     The Claims Administrator shall attempt to resolve any disagreement with any

12 Participating Class Member and may request any information or assistance from Defendants or

13 Class Counsel that the Claims Administrator believes may assist in resolving the disagreement. In

14 the event of a dispute by a Participating Class Member, or a discrepancy, regarding the portion of

15 the NSA to be paid to a particular Participating Class Member, Defendants' records of dates of

16 employment, employer personnel records and employer payroll records including hours shall be

17 presumed to be correct, which may only be rebutted by evidence, including any documentary

18 evidence, submitted by the Participating Class Member. If the Claims Administrator is unable to

19 resolve a dispute, there shall be two ways any such dispute can be resolved. First, the Parties'

20 counsel may stipulate to a compromise. Second, if counsel is unable to stipulate to a compromise,

21 the dispute shall be submitted by the Participating Class Member, Class Counsel, and Defendants'

22 counsel to the Claims Administrator for final and binding determination. In connection with the

23 resolution of such a dispute, Defendants shall make available to Class Counsel, subject to the

24 consent of such Participating Class Member or court order, such records and documents as are in

25 their possession or control that bear on the calculation of the Participating Class Member's

26 entitlement to a portion of the NSA.

27

28

1    n.    Provide to Defendants a final, detailed list of all payments from the GSA, IRS

2  Forms provided to Participating Class Members by the Claims Administrator, and any reversionary

3  amount from the NSA.

4    o.    All such other tasks required by this Stipulation, as the Parties mutually agree or as

5  the Superior Court orders.

6    **NOTICE TO THE SETTLEMENT CLASS**

7    35.    The Parties agree that within ten (10) business days after preliminary approval of

8  this Stipulation, Defendants will provide to the Claims Administrator all of the following

9  information about each Class Member, to the extent available, in a format requested by the Claims

10  Administrator ("Class Data List"):  (1) name and (2) most current mailing address and telephone

11  number. (3) Social Security number, (4) dates of employment as a Class Member during the

12  Settlement Period, (5) total workweeks worked for each Class Member during the Class Period.

13  The Claims Administrator shall sign an agreement with Defendants to keep this information

14  confidential other than from Plaintiff's counsel, in a password protected database. Prior to mailing,

15  the Claims Administrator will perform a search based on the National Change of Address Database

16  information to update and correct for any known or identifiable address changes.

17    36.    Within 21 days after receipt of the Class Data List by the Claims Administrator, a

18  Notice of Settlement Packet (the "Notice Packet") in the form attached hereto as Exhibit "1," and

19  as approved by the Court, shall be sent by the Claims Administrator to the Class Members, by first

20  class mail. Attached to the Notice will be an Exclusion Form (the "Exclusion Form"), in the form

21  attached hereto as Exhibit "2," and as approved by the Court.

22    37.    Notice Packets returned to the Claims Administrator as non-delivered shall be skip-

23  traced and re-sent to the forwarding address, if any, on the returned envelope within 15 days of

24  receiving notice that a Notice was undeliverable. A returned Notice Packet will be forwarded only

25  once per Class Member by the Claims Administrator. Upon completion of these steps by the

26  Claims Administrator, Defendants shall be deemed to have satisfied their obligation to provide the

27  Notice Packet to the affected Class Members. The affected Class Members shall remain a member

28

1  of the Class Members and shall be bound by all the terms of the Joint Stipulation and the Court's

2  Order and Final Judgment.

3       38.     Subject to Court approval, Class Members shall have Forty Five (45) calendar days

4  (referred to hereafter as the "Opt-Out Period") from the date that Claims Administrator mails the

5  Notice Packet to him or her to properly submit an Exclusion Form and to return it by mail to the

6  Claims Administrator. Objection or Exclusion Forms postmarked after the close of the Opt-Out

7  Period will not be honored. In order for the opt out to be valid, the Class Member must mail the

8  Exclusion Form or a written statement, signed and dated to the Claims Administrator within Forty

9  Five (45) days of mailing of the Class Notice. Neither party nor their counsel shall encourage any

10 Class Member to opt out of the settlement.

11      39.     Any Class Member who has not effectively opted out of the settlement shall be

12 given the opportunity to object to any of the terms of the settlement and to participate at the final

13 fairness and approval hearing, in accordance with the instructions set forth in the Notice Packet.

14 Any Class Member seeking to object to the terms of the settlement shall file such objection in

15 writing with the Court and serve such objection on Class Counsel and Defendants' Counsel, with

16 the service and filing being no later than Forty Five 45 calendar days after the original date of

17 mailing of the Notice Packet by Claims Administrative. Any Class Member who fails to file and

18 serve a timely written objection shall be foreclosed from objecting to the terms of the settlement

19 unless otherwise ordered by the Court.

20      40.     All Objection and Exclusion Forms will be submitted to the Claims Administrator,

21 who will timely certify jointly to Plaintiff's and Defendants' counsel the forms that were timely

22 and correctly submitted.

23 **RELEASE BY THE CLASS**

24      41.     Upon final approval by the Court of this Stipulation, and except as to such rights or

25 claims as may be created by this Stipulation, the Named Plaintiff and Class Members who have not

26 submitted a valid Request for Exclusion, fully release and discharge Defendants and any parent,

27 subsidiary, affiliate, predecessor or successor, including, but not limited to Ultra Stores, Inc.

28 ("Ultra" or Ultra Diamonds"), and all agents, employees, officers, directors and attorneys thereof,

1  from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses,

2  attorneys' fees, penalties, damages, action or causes of action contingent or accrued for, or which

3  relate to or arise out of the allegations and claims that were or could have been asserted in the

4  Lawsuit and any and all related claims, which are hereby defined as claims for meal and rest

5  periods, unpaid wages, minimum wage, overtime, final wages, itemized wage statements or

6  violations of the California Payment of Wages Law, and in particular, California Labor Code §§

7  200 et seq., including California Labor Code §§ 200 through 243 and §§ 203 and 218 and 218.5 in

8  particular, California Labor Code §§ 300 et seq.; California Labor Code §§ 400 et seq.; California

9  Working Hours Law, California Labor Code §§ 500 et seq., California Labor Code §§ 750 et seq.,

10  California Labor Code § 1194; the PAGA (California Labor Code § 2699, et seq.); and any other

11  provision of the California Labor Code or any applicable California Industrial Welfare

12  Commission Wage Orders, Business and Professions Code section 17200 et seq., California Code

13  of Civil Procedure 1021.5, in all of their iterations, damages and/or penalties whether any such

14  related claim is known or unknown, contingent or accrued, statutory or common law; such related

15  claims are released against the Released Parties, as well as interest and statutory penalties and other

16  related penalties on any such related claims ("Released Claims"). Released claims shall expressly

17  exclude claims for unemployment compensation, disability, workers' compensation,

18  discrimination, retaliation, other claims unrelated to the claims set forth in the Lawsuit, and all

19  claims outside of the Class Period. The time period covered by this release is December 9, 2009

20  through Preliminary Approval.

21      42.    As to the named Plaintiff only, she also releases all known and unknown claims

22  against Defendants pursuant to California Civil Code section 1542. Section 1542 of the Civil Code

23  states:

24  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**
**CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER**

25  **FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**

26  **KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**
**OR HER SETTLEMENT WITH THE DEBTOR.**

27

28

1  **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

2    43. The Parties shall promptly submit this Stipulation to the United States District Court

3  for the Northern District of California in support of Plaintiff's Motion for Preliminary Approval

4  and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon

5  execution of this Stipulation, the Parties shall apply to the Court for the entry of an order

6  substantially in the following form:

7    a. Scheduling a fairness hearing on the question of whether the proposed settlement,

8  including payment of attorneys' fees and costs, and Plaintiff's service award, should be finally

9  approved as fair, reasonable, and adequate as to the Class Members;

10    b. Certifying the Class for settlement purposes only;

11    c. Approving as to form and content the proposed Notice;

12    d. Approving as to form and content the proposed Exclusion Form;

13    e. Directing the mailing of the Notice and Exclusion Form by first class mail to the

14  Class Members;

15    f. Preliminarily approving the settlement subject only to the objections of Class

16  Members and final review by the Court; and

17    g. Enjoining Plaintiff and all the Class Members from filing or prosecuting any claims,

18  suits or administrative proceedings (including filing claims with the California Division of Labor

19  Standards Enforcement) regarding claims released by the settlement unless and until such Class

20  Members have filed valid Exclusion Forms with the Claims Administrator.

21  **DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL**

22    44. Following final approval by the Court of the settlement provided for in this

23  Stipulation and payment of all funds due, Class Counsel will submit a proposed final order and

24  judgment:

25    a. Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and

26  adequate, and directing consummation of its terms and provisions;

27    b. Approving Class Counsel's application for an award of attorneys' fees and costs;

28    c. Approving the service award to Plaintiff; and

19

d.      Entering judgment which permanently barring and enjoining all Class Members from prosecuting against the Released Parties, any individual or class claims released herein, upon satisfaction of all payments and obligations hereunder.

45.     Parties' Authority:   The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation and bind the Parties hereto to the terms and conditions thereof.

46.     Mutual Full Cooperation:   The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation. The Parties to this Stipulation shall use their best efforts, including all efforts contemplated by this Stipulation and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation and the terms set forth herein. As soon as practicable after execution of this Stipulation, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Stipulation.

47.     Payments:   The settlement embodied in this Settlement Agreement shall become final on the earlier of (i) the Court's final approval of this settlement if no objections by Class Members have been filed, or (ii) the final resolution of any appeal of objections such that the judgment is no longer subject to appeal.

48.     Continuing Jurisdiction:   The Court shall retain continuing jurisdiction over this case to ensure the continuing implementation of the provisions of this settlement agreement. This Stipulation is enforceable pursuant to Code of Civil Procedure section 664.6.

49.     No Prior Assignments:   The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

50.     No Admission:   Nothing contained herein, nor the consummation of this Joint Stipulation, is to be construed or deemed an admission of liability, culpability, negligence, or

EHIBIT 1 - PAGE 20
JOINT STIPULATION OF SETTLEMENT

1  wrongdoing on the part of Defendants. Each of the Parties hereto has entered into this Stipulation

2  solely with the intention to avoid further disputes and litigation with the attendant inconvenience

3  and expenses.

4         51.   Enforcement Actions:  In the event that one or more of the Parties to this Stipulation

5  institutes any legal action or other proceeding against any other Party or Parties to enforce the

6  provisions of this Stipulation or to declare rights and/or obligations under this Stipulation, the

7  successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties

8  reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any

9  enforcement actions.

10        52.   Notices:  Unless otherwise specifically provided herein, all notices, demands or

11  other communications given hereunder shall be in writing and shall be deemed to have been duly

12  given as of the third business day after mailing by United States addressed as follows:

13              TO PLAINTIFF AND CLASS MEMBERS:

14              Richard E. Quintilone II
                Alvin B. Lindsay
15              QUINTILONE & ASSOCIATES
                22974 El Toro Road, Suite 100
16              Lake Forest, CA 92630-4961

17

18              TO DEFENDANTS:

19              Spencer C. Skeen
                Tim L. Johnson
20              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                4370 La Jolla Village Drive, Suite 990
21              San Diego, CA 92122

22        53.   Construction:   The Parties hereto agree that the terms and conditions of this

23  Stipulation are the result of lengthy, intensive arms-length negotiations between the Parties, and

24  this Stipulation shall not be construed in favor of or against any party by reason of the extent to

25  which any party or his, her or its counsel participated in the drafting of this Stipulation.

26        54.   Captions and Interpretations:   Paragraph titles or captions contained herein are

27  inserted as a matter of convenience and for reference, and in no way define, limit, extend, or

28

21

1   describe the scope of this Stipulation or any provision hereof. Each term of this Stipulation is

2   contractual and not merely a recital.

3       55.   Modification:  This Joint Stipulation may not be changed, altered, or modified,

4   except in writing and signed by the Parties hereto, and approved by the Court. This Joint

5   Stipulation may not be discharged except by performance in accordance with its terms or by a

6   writing signed by the Parties hereto.

7       56.   Integration Clause:  This Joint Stipulation contains the entire agreement between the

8   Parties relating to the settlement and transaction contemplated hereby, and all prior or

9   contemporaneous agreements, understandings, representations, and statements, whether oral or

10  written and whether by a party or such party's legal counsel, are merged herein. No rights

11  hereunder may be waived except in writing.

12      57.   Binding on Assigns:  This Stipulation shall be binding upon and inure to the benefit

13  of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and

14  assigns.

15      58.   Counterparts:  This Stipulation may be executed in counterparts, and when each

16  Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

17  original, and, when taken together with other signed counterparts, shall constitute one Stipulation,

18  which shall be binding upon and effective as to all Parties.

19

20

21

22

23

24

25

26

27

28

1  written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder
2  may be waived except in writing.
3      57.   Binding on Assigns:  This Stipulation shall be binding upon and inure to the benefit
4  of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and
5  assigns.
6      58.   Counterparts:  This Stipulation may be executed in counterparts, and when each Party
7  has signed and delivered at least one such counterpart, each counterpart shall be deemed an original,
8  and, when taken together with other signed counterparts, shall constitute one Stipulation, which shall
9  be binding upon and effective as to all Parties.
10  **CLASS REPRESENTATIVE**
11  DATED: October 1, 2015                            PLAINTIFF
12
13
14                                      By: _Kathya Tapia_
                                          Kathya Tapia
15  **DEFENDANTS**
16  DATED: September __, 2015                         DEFENDANT
17
18
19                                      By: _____
                                          STERLING JEWELERS, INC.
20                                        By its _____
21
22  DATED: September __, 2015                         DEFENDANT
23
24
25                                      By: _____
                                          SIGNET JEWELERS LTD
                                          By its _____
26
27
28

                              22
                  JOINT STIPULATION OF SETTLEMENT
                                          EHIBIT 1 - PAGE 23

**CLASS REPRESENTATIVE**

DATED: October ___, 2015

PLAINTIFF

By: _____
    Kathya Tapia

**DEFENDANTS**

DATED: October 6, 2015

DEFENDANT

By: _____
    STERLING JEWELERS, INC.
    By its _Chief legal officer_

DATED: October 6, 2015

DEFENDANT

By: _____
    SIGNET JEWELERS LTD
    By its _chief legal officer_

**APPROVED AS TO FORM AND CONTENT**

**ATTORNEYS FOR PLAINTIFFS AND CLASS COUNSEL**

DATED: October ___, 2015

QUINTILONE & ASSOCIATES

By: _____
    Richard E. Quintilone II
    Alvin B. Lindsay
    Attorneys for Plaintiff and Proposed Class

23

1  APPROVED AS TO FORM AND CONTENT

2  ATTORNEYS FOR PLAINTIFFS AND CLASS COUNSEL

3

4  DATED:  October 1, 2015                     QUINTILONE & ASSOCIATES

5

6                                              By: _____

7                                              Richard E. Quintilone II
                                               Alvin B. Lindsay
8                                              Attorneys for Plaintiff and Proposed Class

9

10  ATTORNEYS FOR DEFENDANTS

11  DATED:  September 6, 2015                   OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.
12

13

14                                             By: _____

15                                             Spencer C. Skeen
                                               Tim L. Johnson
16                                             Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

                                23
                    JOINT STIPULATION OF SETTLEMENT          EHIBIT 1 - PAGE 25

# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| KATHYA TAPIA, on behalf of herself and on behalf of a Class of all other persons similarly situated<br><br>        Plaintiff,<br>vs.<br><br>STERLING JEWELERS INC., an unknown business entity; SIGNET JEWELERS LTD, an unknown business entity, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 5:14-cv-00624-EJD<br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT** |

**To:**  **All persons who were employed by Ultra Stores, Inc. ("Ultra") in a non-exempt, hourly position at a California location who were hired by Ultra on or before June 14, 2013 and who were employed in an Ultra retail store in California at any time on or after December 9, 2009, and who have not already executed and did not revoke a full release of claims arising out of this Action pursuant to the individual settlement program offered by Sterling Jewelers Inc., the parent company of Ultra.**

**PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR LEGAL RIGHTS**
**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

**I. INTRODUCTION**

A proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") filed in the United States District Court for the Northern District of California (the "Court"), has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.

A final settlement hearing will be held on _____, 2015 at _____ a.m. to determine whether the Settlement should be granted final approval. Records of Ultra and its parent company, Defendant Sterling Jewelers Inc. ("Sterling") show that you were hired as a non-exempt, hourly retail employee at one of Ultra's California store locations on or before June 14, 2013 and were employed in an Ultra retail store in the State of California at any time on or after December 9, 2009 ("the Class Period"), and therefore are a Settlement Class Member in this Action ("Class Member"). If you executed and did not revoke a full release of claims relating to or arising out of the Action for a settlement payment of One Thousand Dollars ($1,000.00), minus withholdings, pursuant to an individual settlement program offered by Sterling, then you will not be a Class Member.

As a Class Member, you may be entitled to money under the Settlement and the Settlement affects your legal rights, unless you "opt out" of the Settlement. The purpose of this Notice is to: (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement.

1

EXHIBIT 2 - PAGE 1

## II. SUMMARY OF THE ACTION

Plaintiff Katya Tapia ("Plaintiff") filed a complaint against Defendants Sterling and Signet Jewelers LTD ("Signet") (collectively "Defendants") on December 9, 2013 in Monterey County Superior Court, and it was removed by Defendants on February 14, 2014 to United States District Court for the Northern District of California. The Action was reassigned to the Honorable Edward J. Davila in Courtroom 4 on June 3, 2014.

Plaintiff's Class Action Complaint alleged causes of action against Defendants for: (1) failure to pay overtime compensation; (2) Failure to provide meal periods; (3) Failure to provide rest periods; (4) Failure to provide itemized statements; (5) Failure to pay wages twice monthly; (6) Failure to pay wages for hours worked; (7) Failure to comply with written request to inspect or copy records; (8) Failure to pay wages upon termination of employment; (9) Unlawful competition and unlawful business practices; and (10) Violation of private attorneys general act. Plaintiff was employed starting in 2000 with Ultra and then with Sterling following its acquisition of Ultra in October of 2012. Plaintiff contended successor liability applies to Defendants for the violations of Ultra, along with the alleged violations as to Sterling following its acquisition of Ultra Stores.

Defendants have denied any applicability of successor liability and disputed that Sterling employed the Class Members. However, on March 27, 2015, Defendants sent letters offering settlements to all Sterling employees who were former Ultra employees (the "Individual Settlement Program") in exchange for a general release encompassing the claims of this Action. Many employees responded to this Individual Settlement Program and executed the general release, and these employees are not Class Members. Counsel for Plaintiff and Defendants then agreed to participate in a mediation with well-respected wage and hour mediator Scott Markus, Esq. on **May 27, 2015**. After the mediation and further negotiations of counsel, the parties agreed to a settlement of the remaining outstanding claims for the former Ultra employees who did not participate in the Individual Settlement Program, and entered into a detailed Memorandum of Understanding commemorating the terms of the parties' agreement.

Defendants also contend that Plaintiff and the putative class members were provided timely, complete, duty-free meal and rest periods. Defendants further contend that Plaintiff and the putative class members were paid for all hours worked. Defendants further contend that the wage statements issued to Plaintiff and the putative class members fully complied with the California Labor Code. Defendants also contend there is no class of similarly situated employees that Plaintiff could represent in a class action.

The Court granted preliminary approval of the parties' Settlement and Memorandum of Understanding on **October 15, 2015** on behalf of a Settlement Class including Class Members defined as:

> All former non-exempt, hourly employees of Ultra Stores, Inc., its successors and affiliates ("Ultra") who were hired by Ultra on or before June 14, 2013 and who were employed in an Ultra retail store in the State of California at any time on or after December 9, 2009, excluding any such employee who executed and did not revoke a full release of claims relating to or arising out of the Lawsuit for a settlement payment of One Thousand Dollars ($1,000.00), minus withholdings, pursuant to an individual settlement program offered by Sterling Jewelers Inc., the parent corporation of Ultra (the "Individual Settlement Program").

At that time, the Court also preliminarily approved Plaintiff Kathya Tapia to serve as Class Representative, and Quintilone & Associates to serve as the lawyers for the Class Members ("Class Counsel").

2

EXHIBIT 2 - PAGE 2

The Court also scheduled a Final Approval Hearing on the Settlement at _____ a.m. on _____ _____, 2015, in Courtroom 4, 5th Floor, U.S. District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, at which time the Court will decide whether to grant final approval of the Settlement.

## III. SUMMARY OF SETTLEMENT TERMS

Settlement Amount. Defendants have agreed to a common fund settlement for the Gross Settlement Amount of **Two Hundred Ninety-Five Thousand Dollars ($295,000.00)** (the "Gross Settlement Amount") to settle the claims in the Action. This Gross Settlement Amount includes, but is not limited to, all settlement payments to Class Members who make claims, Class Counsel's attorneys' fees and litigation costs, all Claims Administration Expenses, payment to the California Labor and Workforce Development Agency ("LWDA"), and a service payment to the Class Representative, as outlined below.

The Gross Settlement Amount shall comprise and include a Net Settlement Amount ("Net Settlement Amount"). The Net Settlement Amount shall be the Gross Settlement Amount, minus the following: (1) any Individual Settlement Program gross payment made by Sterling Jewelers Inc. to Ultra employees who otherwise would be Class Members, between June 9, 2015 and the date of Final Approval by the Court; (2) the award of attorneys' fees and costs to class counsel; (3) class representative payment to Plaintiff; (4) payment to the Claims Administrator; (5) any and all administrative fees for the settlement; and (6) payment to the Labor Workforce Development Agency. Defendants shall not be required to make any payment in excess of the Gross Settlement Amount, for any cause or reason.

All persons who meet the Class Definition and who did not accept an individual settlement payment of One Thousand Dollars ($1,000.00), minus withholdings, directly from Sterling in exchange for executing and not revoking a full release of claims incident to the Individual Settlement Program, and who do not opt out of the settlement, will receive a pro rata allocation of the Net Settlement Amount. The persons who participated in the Individual Settlement Program and received a check for One Thousand Dollars ($1,000.00), minus withholdings, directly from Sterling, in exchange for executing and not revoking a full release of claims, will not receive a pro rata allocation of the Net Settlement Amount and will not be included in the Settlement Class.

Claims Administration and Other Payments. The Court has tentatively approved certain payments to be made from the Gross Settlement Amount as follows, which will be subject to final Court approval:

- Claims Administration. Payment to the Claims Administrator, estimated to be approximately Seven Thousand and Five Hundred Dollars ($7,500.00), for the expense of notifying the Class Members of the Settlement, processing claims and opt-outs submitted by Class Members, and distributing settlement payments. The parties have designated CPT Group, as the Claims Administrator, and the Court has approved CPT Group as the Settlement Administrator.

- Attorneys' Fees and Litigation Costs. Payment to Court-approved Class Counsel of reasonable attorney fees, and Class Counsel will request, and Defendants and their counsel will not oppose, an award of up to 33.33% of the Gross Settlement Amount or Ninety Eight Thousand Three Hundred Twenty Three Dollars and Fifty Cents ($98,323.50) as an award of attorneys' fees. Any award of attorneys' fees will be subject to final Court approval and

3

EXHIBIT 2 - PAGE 3

paid from the Gross Settlement Amount as reasonable compensation for the work Class Counsel performed in this Action. Class Counsel will request, and Defendants and their counsel will not oppose, documented costs of up to a maximum of Six Thousand Dollars ($6,000.00). Any award of attorneys' costs will be also be subject to final Court approval and paid from the Gross Settlement Amount. If the Court awards less than the amounts requested for attorneys' fees and costs and/or the amount requested for the class representative, the difference between the amounts requested and awarded shall be allocated to the Net Settlement Amount, to be included in the pro rata distribution to employees who have not opted out of the settlement.

- Class Representative Service Enhancement Payment to Plaintiff. Class Counsel will request, and Defendants and their counsel will not oppose, payment to the Class Representative, Kathya Tapia, in the amount of up to Five Thousand Dollars ($5,000;00) in addition to whatever payment she is otherwise entitled to receive as a Class Member. Ms. Tapia will also execute a general release in exchange for this payment.

- Payment to LWDA. A payment of One Thousand Dollars ($1,000.00) will be made to the California LWDA for the portion of the Settlement allocated to civil penalties under the Labor Code Private Attorneys General Act, Lab. Code §§ 2698 et seq.

Calculation of Individual Settlement Amounts. The Net Settlement Amount will be paid in its entirety to the Class Members who do not request exclusion. All persons who meet the Class Definition and who did not accept an individual settlement payment of $1,000.00, minus withholdings, directly from Sterling in exchange for executing and not revoking a full release of claims incident to the Individual Settlement Program, and who do not opt out of the settlement, will receive a pro rata allocation of the Net Settlement Amount. The Settlement Administrator will calculate the amount of settlement payment each Class Member will be entitled to receive based on the number of individual work weeks each Class Member worked during the relevant Class Period (the "Individual Work Weeks"). The Settlement Administrator will then divide each Class Member's number of Individual Work Weeks by the total number of Work Weeks for all Class Members to arrive at the individual percentage of the Net Settlement Amount for each Class Member. The Net Settlement Amount will be multiplied by the applicable individual percentage for each Class Member which will be the gross amount to be received by the Class Members from which all appropriate deductions will be taken.

Each Class Member's pro rata distribution of the Net Settlement Amount shall be allocated 1/3 to payment of wages, 1/3 to penalties and 1/3 to payment of interest. Qualified Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

Individual Work Weeks Worked Based on Defendants' Records: Please review the below listing of your total number of Individual Work Weeks worked during the class period. The number of Individual Work Weeks for each Class Member will be obtained and calculated from Defendants' records, which will be presumed determinative. A Class Member may challenge what is reflected in Defendants' records by submitting information or evidence to support his or her claim that Defendants' records are in error to the Settlement Administrator. Class Counsel and counsel for Defendants will confer in good faith to resolve disputes. In the event counsel for the parties are not able to resolve the dispute, it will be submitted to the Court for resolution, and the decision of the Court will be final and binding.

4

EXHIBIT 2 - PAGE 4

*You worked a total of ___ Individual Work Weeks during the Class Period. Based on information currently available, we estimate your share of the settlement will be approximately $_____. This number is only an estimate, and the final number may be more or less than this amount.*

Releases. Upon Final Approval of the Settlement, each Class Member who has not opted out of the Settlement ("Settlement Class Member") shall be deemed to have fully, finally, and forever released the Releasees (defined as Ultra Stores, Inc., Sterling Jewelers Inc., and Signet Jewelers Limited, their employees, directors, agents, affiliates, successors and assigns). The Class Members at a minimum will expressly discharge on behalf of all Settlement Class Members all claims, rights, demands, liabilities and causes of action that were or could have been as asserted in the Complaint by said Settlement Class Members against said entities, , including without limitation the California Payment of Wages Law, and in particular, California Labor Code § § 200 et seq., including California Labor Code §§ 200 through 243 and §§ 203 and 218 and 218.5 in particular, California Labor Code §§ 300 et seq.; California Labor Code §§ 400 et seq.; California Working Hours Law, California Labor Code § § 500 et seq., California Labor Code §§ 750 et seq., California Labor Code § 1194; the PAGA (Labor Code § 2699, et seq.); and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations.

Reasonableness of Settlement:  The Class Representative and Class Counsel support this settlement. Among the reasons for their support are the defenses to liability potentially available to Covidien, the risk of denial of class certification, the inherent risk of trial on the merits, and the delays and uncertainties associated with litigation.

## IV. WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

### Settlement Participation

If you are a Class Member and do not exclude yourself, you will receive your share of the settlement proceeds automatically, and do not need to do anything further to participate in the settlement to receive your share of the settlement proceeds.

### Excluding Yourself from the Settlement

If you do not wish to participate in the settlement described in this Notice, you may exclude yourself by completing and returning the provided Request for Exclusion Form that is postmarked on or before _____, 20__. To be valid, the written Request for Exclusion must include (i) the Class Member's name, (ii) the Class Member's address, (iii) a request for exclusion, and (iv) the Class Member's signature. The Request for Exclusion must be dated and returned postmarked on or before _____, 20__, by first class U.S. mail, or the equivalent, to:

> The Tapia v Sterling Settlement Administrator
> c/o CPT Group, Inc.
> 16630 Aston Street
> Irvine, CA 92606
> Toll Free: 1-(800) 542-0900

Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your Request for Exclusion.

EXHIBIT 2 - PAGE 5

Any Class Member who submits a signed, dated and timely request for exclusion shall, upon receipt, no longer be a Class Member and shall receive no payment from the settlement and shall be barred from participating in any portion of the settlement. Additionally, the current and former employees who participate in the Individual Settlement Program and receive a check for One Thousand Dollars ($1,000.00), minus withholdings, directly from Sterling Jewelers Inc. in exchange for executing and not revoking a full release of claims, will not be Settlement Class Members and will be deemed to have excluded themselves from the Settlement.

### Objection to Settlement

If you do not exclude yourself from the settlement, you can object to the terms of the settlement. However, if the Court rejects your objection, you will still be bound by the terms of the settlement. To object, you must file a written objection and a notice of intention to appear at the final approval hearing currently set for **[date to be inserted]**, at **[time to be inserted]** before Hon. Edward J. Davila, Courtroom 4, 5th Floor, with the Clerk of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California 95113, and send copies to the following:

### Counsel for Plaintiff:
Richard E. Quintilone II, Esq.
Quintilone & Associates
22974 El Toro Road, Suite 100
Lake Forest, California 92630
Phone:  949.458.9675
Fax: 949.458.9679
Email req@quintlaw.com

### Counsel for Defendants:
Spencer C. Skeen Esq.
Tim L. Johnson Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA 92122
Phone: 858-652-3102
Fax: 858-652-3101
Email spencer.skeen@ogletreedeakins.com

Any written objections shall state each specific reason in support of your objection and any legal support for each objection. Your objection also must state the case name and number, your full name, address, telephone number, and the dates of your employment as a Class Member. To be valid and effective, any objections to final approval of the settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than _____, 20__, which is forty-five (45) days after the date of the initial mailing of this Notice.

If you choose to file an objection to the terms of this settlement, you may enter an appearance *in propria persona* (meaning you choose to represent yourself) or through your own attorney. To do so, you or your counsel must file an Entry of Appearance with the Clerk of the United States District Court, Norther District of California, and deliver copies to each of the attorneys listed above. Such entry of appearance must be filed with the Court and delivered to the above attorneys no later than **[cut-off date to be inserted]**, which is forty-five (45) days after the date of the initial mailing of this Notice. You will

then continue as a Class Member either *in propria persona* or with representation by your own attorney, and you will be solely responsible for the fees and costs of your own attorney.

## V. EFFECT OF THE SETTLEMENT

### Released Rights and Claims

The settlement is intended to settle all claims against the Releasees that Class Members have asserted or could have asserted in the Action regarding the alleged violations of wage and hour laws by Releasees, including, without limitation, claims for unpaid wages (including minimum wage and overtime premium pay), meal and rest period penalty payments, waiting time or other statutory or civil penalties, interest, and attorneys' fees.

If you do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into the release in the settlement and to have released the claims described in Section II.C, above. If the settlement is not approved by the Court or does not become final for some other reason, the Action may continue. Each Class Member should seek his or her own personal tax advice prior to acting in response to this Notice.

### Payments to Class Members

Your individual settlement payment from the Net Settlement Amount is expected to be paid within approximately 20 calendar days after the later of: (i) the Court's Final Approval Order approving the settlement, or (ii) the final resolution of any appeal which has been filed.

## VI. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in Courtroom 4, 5th Floor, U.S. District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113 on [**final hearing date to be inserted**], at [**time to be inserted**], to determine whether the settlement should be finally approved as fair, reasonable, and adequate. The Court also will be asked to rule on Class Counsel's request for attorneys' fees and reimbursement of documented litigation costs, the service payment to the Class Representative, and the Settlement Administrator's request for payment of its fees and costs. Class Counsel's application for attorneys' fees and reimbursement of costs will be on file with the Court no later than [**date to be inserted**], and will be available for review after that date. The Court will also hear objections to the settlement, if any.

The hearing may be continued without further notice to the Class Members. It is not necessary for you to appear at the final approval hearing unless you have timely filed an objection with the Court.

## ADDITIONAL INFORMATION

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should review the detailed "Memorandum of Understanding" which is on file with the Clerk of the Court. The pleadings and other records in the Action may be examined at any time during regular business hours with the Office of the Clerk of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113. If you have questions about the settlement, you may contact the Settlement Administrator or Class Counsel.
**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT.**

EXHIBIT 2 - PAGE 7

| UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>**TAPIA VS. STERLING JEWELERS, INC.** | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):        TELEPHONE NO.:<br>Spencer C. Skeen (SBN182216)    (858) 652-3100 / Fax (858) 652-3101<br>Ogletree Deakins Nash Smoak & Stewart P.C.<br>4370 La Jolla Village Drive, Suite 990<br>San Diego, CA  92122 | | |
| ATTORNEYS FOR:<br>Defendants, **Sterling Jewelers, Inc.** | HEARING DATE – TIME | CASE NUMBER:<br>5:14-CV-00624-EJD |

| PROOF OF SERVICE—CIVIL | | |
|---|---|---|
| Check method of service (only one): | | |
| ☐ By Personal Service | ☐ By Mail | ☐ By Overnight Delivery |
| ☐ By Messenger Service | ☐ By Fax | ☒ By Electronic Service |

I, the undersigned, say:  I am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause.  My business address is 4370 La Jolla Village Drive, Suite 990, San Diego, California 92122.

On October 7, 2015, I served the within documents:

> 1.  **PARTIES' JOINT STIPULATION AND REQUEST TO SUPPLEMENT PLAINTIFF'S MOTION FOR PRELINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Addressee(s)

| | |
|---|---|
| Richard E. Quintilone, Esq.<br>Quintilone & Associates<br>22974 El Toro Road, Suite 100<br>Lake Forest, CA  92630<br>Phone: (949) 458-9675 / Fax<br>Email: REQ@quintlaw.com<br>Counsel for Plaintiff | |

( X )  BY ELECTRONIC FILING.  I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case.  The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

( )  BY U.S. MAIL by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

( )  BY OVERNIGHT DELIVERY I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the

Case No. 5:14CV00624-EJD

ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Diego, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare, under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on October 7, 2015, at San Diego, California.

/s/ Tim L. Johnson

Tim L. Johnson

17080843.1